■ ANNA ROSE, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant. — In a proceeding pursuant to CPLR article 75 to confirm an arbitration award which granted petitioner the sum of $95,000 in uninsured motorist benefits, the appeal is from a judgment of the Supreme Court, Queens County (Bambrick, J.), dated January 3, 1983, confirming said award. Judgment reversed, on the law, without costs or disbursements, application to confirm the arbitration award denied, award vacated and matter remitted to the arbitrators for a new hearing consistent herewith. Upon compulsory arbitration of petitioner's claim for uninsured motorist benefits, the arbitration panel rendered an award of $95,000 in favor of petitioner. Appellant contends the award should be vacated on the grounds that the award was irrational and the arbitration panel was improperly selected. Compulsory arbitration awards are subject to a broader scope of review than awards resulting from consensual arbitration, as claimants are denied access to the courts in the first instance (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493; *Matter of Furstenberg [Aetna Cas. & Sur. Co. — Allstate Ins. Co.],* 49 NY2d 757). The standard of review to be applied to such awards is "whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record" (*Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra,* p 508). At the arbitration hearing in the instant case, it was established that petitioner sustained a fractured nose, concussion, contusions of the right knee and traumatic synovitis of both ankles as a result of the 1979 accident, and was confined to bed for about three weeks. In view of this evidence, the award of $95,000 was clearly excessive and not supported by any reasonable basis in the record. Moreover, the size of the award indicates that in reaching their decision, the arbitrators took into consideration petitioner's fractured wrist, which occurred as a result of a fall in May, 1981. Given the absence of probative evidence establishing a causal relationship to any degree of medical certainty between petitioner's injuries sustained in the 1979 accident and her subsequent fall in May, 1981, it was irrational for the arbitrators

to consider this fact in rendering their decision. Therefore, the award must be vacated and the matter remitted to the arbitrators for a new hearing. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.