■ ANNA ROSE, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated January 31, 1985, which, *inter alia,* granted the petitioner's application to confirm the award.

Order and judgment affirmed, with costs.

This is the second time that this matter is before this court. The first time, the appellant challenged an award of $95,000 in favor of the petitioner on the grounds that the award was irrational and that the arbitration panel was improperly appointed by the American Arbitration Association (hereinafter AAA). On that occasion, this court vacated the award, stating, in pertinent part, "[T]he award of $95,000 was clearly excessive and not supported by any reasonable basis in the record * * * Given the absence of probative evidence establishing a causal relationship to any degree of medical certainty between the petitioner's injuries sustained in the 1979 accident and her subsequent fall in May 1981, it was irrational for the arbitrators to consider this fact in rendering their decision" *(Rose v Travelers Ins. Co.,* 96 AD2d 551, *appeal dismissed* 60 NY2d 860). The matter was remitted for a new hearing *(see, Rose v Travelers Ins. Co., supra).*

At the second hearing, before the same arbitration panel, the petitioner submitted new evidence consisting of the testimony of Dr. Harvey R. Gable, a board-certified orthopedic surgeon. We find that Dr. Gable's testimony, including his opinion, "based upon a reasonable medical certainty" that a causal connection existed between the petitioner's 1979 accident and her subsequent fall in May 1981 was sufficient to support the new award in the petitioner's favor in the principal sum of $95,000.

With respect to the appellant's renewed claim that the arbitration panel was improperly selected by the AAA, we note that the parties' arbitration agreement provided that any arbitration proceeding between them was to be governed by the Accident Claims Arbitration Rules of the AAA. The appellant claims that the AAA's placement of Leonard Lekarew on the arbitration panel at both hearings constituted a violation of rule 8 of the Accident Claims Arbitration Rules,

since the appellant had made a timely request for his name to be stricken from the list of potential arbitrators. However, under rule 24 of the Accident Claims Arbitration Rules, by proceeding with arbitration at both the first and second hearings, without making any prior objection in writing to the AAA that rule 8 had been violated by the selection of Lekarew, the appellant waived its right to object to the validity of the arbitration award on this basis. In any event, the appellant having submitted no evidence indicating that Lekarew was partial or biased, there would be no reason why the award should be disturbed because of his presence on the arbitration panel. Lazer, J. P., Rubin, Lawrence and Kooper, JJ., concur.