■ RICHARD SMALLS PLUMBING & HEATING, INC., Respondent, v KITTY KING, Appellant.—Mikoll, J. Appeals (1) from a judgment of the Supreme Court in favor of plaintiff, entered June 8, 1984 in Sullivan County, upon a verdict rendered at Trial Term (Williams, J.), and (2) from an order of said court at Special Term, entered September 4, 1984 in Sullivan County, which denied defendant's motion to modify the bill of costs with said judgment.

This is an action to recover for work, labor and services performed by plaintiff, a plumbing company. Defendant's answer asserted an affirmative defense, which claimed that she was never personally served with the summons and complaint, and a counterclaim. The answer was dated September 7, 1982. By an order dated June 4, 1984, the trial court dismissed defendant's affirmative defense, ruling that the imposition of the counterclaim submitted defendant to the court's jurisdiction. A jury trial was held and the jury rendered a verdict of $200 in favor of plaintiff.

Judgment was then entered for plaintiff in the total sum of $532.57, including costs and disbursements, on June 8, 1984. Notice of entry of judgment was thereafter served on defendant pursuant to CPLR 8403. Defendant's motion to modify the bill of costs was subsequently denied by order entered September 4, 1984. Defendant has appealed, but has limited her argument to two issues: (1) whether the trial court erred in dismissing the affirmative defense, and (2) whether the court erred in allowing statutory costs to be added to the judgment.

The judgment and order should both be affirmed. More than 21 months after issue had been joined, but before the trial, the trial court, apparently on its own motion, entertained oral argument on defendant's affirmative defense of lack of personal jurisdiction. The record is barren as to what exactly transpired. However, defendant had the burden of establishing her affirmative defense. Nothing was before the court except the pleadings which contained only the conclusory allegation that defendant was not personally served. Defendant made no

offer of proof nor any factual showing entitling her to a hearing. Moreover, defendant's statement of facts in her brief on this appeal states that the summons and complaint were served on her at her Brooklyn residence (Kings County) "by alleged substituted service" and "no attempt apparently was made to serve the defendant at her Monticello address" (Sullivan County). Yet, defendant admitted in her answer that she was a resident of Brooklyn and stated in her bill of particulars dated December 3, 1982 that she was not a resident of Sullivan County. Defendant also makes reference to a letter dated October 2, 1981 from plaintiff which was addressed to and received by her at her Brooklyn address.

The evidence submitted by defendant indicates that defendant's lack of personal jurisdiction defense is based only on an alleged residence in Sullivan County, which is contrary to our findings upon a review of the record. Thus, defendant has failed to show that her affirmative defense is meritorious or that its dismissal was prejudicial error. There is no indication that defendant could prevail on her affirmative defense if the matter were remitted for a hearing on that issue. Moreover, defendant here sought and obtained affirmative relief from the trial court by establishing her counterclaim, a position inconsistent with her claim of lack of jurisdiction (see, e.g., Flaks, Zoslow & Co. v Bank Computer Network Corp., 66 AD2d 363, 366-367, appeal dismissed 47 NY2d 951). Any error in the dismissal of the affirmative defense must be viewed as harmless in these circumstances.

We also view the denial of defendant's motion to modify the bill of costs on the ground that the costs were not recoverable under CPLR 8102 (2) as a proper exercise of the trial court's discretion. The motion was untimely. Defendant should have in the first instance applied within five days of service of the final judgment and bill of costs for retaxation of costs pursuant to CPLR 8403, which governs retaxation of costs. Thus, the trial court did not abuse its discretion in denying defendant's belated motion.

Judgment and order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.