■ In the Matter of the Arbitration between RAMON FERNANDEZ et al., Appellants, and UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Respondent.—In a proceeding to vacate an arbitration award, the appeal is from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated January 2, 1986, which granted the petition to vacate the award.

Ordered that the judgment is affirmed, with costs.

On March 6, 1983, Ramon Fernandez, Ramon Torres and Tony Torres (hereinafter the appellants) were injured when an unidentified car hit their vehicle. The car was never identified and the appellants submitted a request to the American Arbitration Association to arbitrate the uninsured motorist claim against their employer's insurance company, the respondent herein. The sole issue before the arbitrator was whether the appellants had suffered a "serious injury" as defined in Insurance Law § 5102 (d). The arbitrator found that all three of the appellants sustained serious injuries and made an award to each of them.

The respondent commenced this proceeding to vacate the award (CPLR 7511) by service of an order to show cause, in accordance with the court's direction, upon the attorney for the appellants. The appellants contended that service was improper and the awards should be upheld. The court found service to be proper and, finding "hardly a scintilla" of evidence of serious injury, vacated all three awards.

Service of an order to show cause is equivalent to the service of the notice of petition under CPLR 304 (see, CPLR 403 [d]; cf., Matter of Franz v Board of Educ., 112 AD2d 934) and constitutes proper service to commence a proceeding to vacate an arbitration award (see, CPLR 7502 [a]) so long, as here, due process is observed. Further, pursuant to the rules of the American Arbitration Association, the appellants consented to service upon their attorney by mail and therefore cannot be heard to complain.

As both parties agree, the proper standard for review of an award in a compulsory uninsured motorist arbitration is

" 'whether the award is supported by evidence or other basis in reason, as may be appropriate, and appearing in the record' " *(Rose v Travelers Ins. Co.,* 96 AD2d 551, quoting from *Mount St. Mary's Hosp. v Catherwood,* 26 NY2d 493, 508). In this case there was no evidence to support an award for any of the appellants since they offered insufficient proof that they sustained "serious" injuries within the meaning of Insurance Law § 5102 (d). Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.