(April 19, 1988)

■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of

THOMAS ALBINO, Respondent, v YMCA OF GREATER NEW YORK, Petitioner.—Order of the Supreme Court, New York County (C. Ciparick, J.), entered March 2, 1987, which, *inter alia*, granted the petition of the YMCA to the extent of remanding the matter to respondent State Division of Human Rights for additional investigation, unanimously vacated, the matter reviewed de novo, the petition granted and the determination of respondent State Division of Human Rights unanimously annulled, on the law, without costs.

The petition which sought review of a determination of the Division of Human Rights reached after a hearing, should not have been passed upon by the I.A.S. Part. The matter should simply have been transferred to this court which has exclusive jurisdiction over such cases (Executive Law § 298). Accordingly, we vacate the appealed order and review the matter de novo *(see, Johnson v Ward,* 124 AD2d 466; *Matter of Melvin v Kelly,* 126 AD2d 956).

The evidence adduced at the hearing before the Division established that complainant Thomas Albino had frequently, during the term of his membership, expressed dissatisfaction with the YMCA. As early as 1975 he sued the YMCA over a pair of sneakers allegedly stolen from his locker only to settle the matter for the $13 originally offered by the Y. More recently, in late 1980 or early 1981 Mr. Albino lodged a complaint against the Y with the Division of Human Rights alleging that the Y discriminated against its male membership. The complaint was eventually determined to be without merit. Notwithstanding Mr. Albino's recent sex discrimination complaint, his Y membership was routinely renewed in December 1981. Shortly thereafter, Mr. Albino became disconsolate with the lack of hot water in the men's locker room and demanded a full refund of his membership dues to which demand the Y promptly acceded. A few days later Mr. Albino awoke to the realization that his resignation from the Y had been improvident since he could not enjoy comparable facilities elsewhere. He reapplied for membership but his application was denied by the YMCA Board Membership Committee after reviewing Mr. Albino's record of recurrent dissatisfaction culminating in his voluntary resignation.

As might have been expected, Mr. Albino filed a complaint with the Division of Human Rights alleging that his application to rejoin the Y had been denied in retaliation for his earlier Human Rights complaint. Human Rights Commissioner Douglas White agreed with Mr. Albino, ordered him

reinstated within 30 days, awarded him $500 and directed that he be given free membership for five years.

On the record before us we are unable to find any evidence to support the Commissioner's determination. To the contrary, what evidence there is indicates that the Y took no retaliatory action in the aftermath of the earlier Human Rights complaint; it renewed the complainant's membership as a matter of course. The Y's subsequent refusal to return to Mr. Albino the membership he had so recently relinquished freely, clearly had no specific connection with the Human Rights complaint but was a response to the numerous difficulties the Y had had dealing with Mr. Albino over the course of more than a decade. As the Division's determination is not supported by evidence, substantial or otherwise, it must be annulled (Moore v State Div. of Human Rights, 110 AD2d 507). Concur—Murphy, P. J., Sandler, Sullivan, Carro and Rosenberger, JJ.