■ In the Matter of AMERICAN HOME ASSURANCE COMPANY, Respondent, v REGINE MONTILUS, Appellant. [651 NYS2d 584] —In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, Regine Montilus appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered January 11, 1996, which, upon a prior order granting the petition to confirm and denying the cross petition to vacate the award, is in favor of American Home Assurance Company and against her.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellant's contention, the Supreme Court did not lack jurisdiction over her in this proceeding pursuant to CPLR 7510 to confirm the arbitration award. Assuming, *arguendo*, that the service of the notice of petition by American Home Assurance Company was improper (*see,* CPLR 403 [c]; 308; *but see, Matter of Fernandez [Universal Underwriters Ins. Co.],* 130 AD2d 657), the appellant nevertheless submitted to the jurisdiction of the court by seeking affirmative relief in the form of her cross petition pursuant to CPLR 7511 to vacate the award (*see generally, Smalls Plumbing & Heating v King,* 120 AD2d 766; *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363). Moreover, by requesting such relief, the appellant necessarily placed the issue of confirmation of the award before the court (*see,* CPLR 7511 [e]).

Turning to the merits, it is clear that the documentary evidence submitted to the arbitrator by the appellant failed to demonstrate the existence of a specific, quantifiable, and objectively verifiable injury or disability. Rather, the documents primarily referred to soft tissue injury and subjective complaints of pain (*see, Scheer v Koubek,* 70 NY2d 678; *Licari v Elliott,* 57 NY2d 230). Moreover, the submissions of the appel-

lant's chiropractor were not based on updated medical evidence and were conclusory in describing the nature and duration of her injury (*see, Duvivier v Bruso*, 221 AD2d 411; *Orr v Miner*, 220 AD2d 567; *Yamin v Brougham Bus Transp.*, 220 AD2d 739; *Partlow v Meehan*, 155 AD2d 647). Accordingly, there was a rational basis in the evidence to support the arbitrator's determination that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Matter of Fernandez [Universal Underwriters Ins. Co.]*, 130 AD2d 657, *supra*). The appellant is precluded from relying upon her testimony before the arbitrator to support her present contention inasmuch as she failed to provide for the recording or transcription of that testimony. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.