■ ARELLIS M. ESTRELLA, Respondent, v GIANA A. MARANO, Appellant. [679 NYS2d 678] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated April 20, 1998, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant presented sufficient evidence to demonstrate, as a matter of law, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The documents submitted by the plaintiff to demonstrate a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system" were in inadmissible form (Insurance Law § 5102 [d]; *see, Attivissimo v Kugler,* 226 AD2d 658; *Friedman v U-Haul Truck Rental,* 216 AD2d 266; *Pagano v Kingsbury,* 182 AD2d 268) and, in any event, failed to specify any degree of restriction of motion to the lumbosacral or cervical spines (*see, Scheer v Koubek,* 70 NY2d 678; *Licari v Elliott,* 57 NY2d 230; *Matter of American Home Assur. Co. v Montilus,* 234 AD2d 543; *Stallone v County of Suffolk,* 209 AD2d 403; *Forte v Vaccaro,* 175 AD2d 153; *Tipping-Cestari v Kilhenny,* 174 AD2d 663).

Furthermore, the plaintiff's self-serving affidavit which stated that she was "incapacitated from work for about six months", without more, is insufficient to show that she had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the accident (*see, Yagliyan v Gun Shik Yang,* 241 AD2d 518; *Cullum v Washington,* 227 AD2d 370; *Atamian v Mintz,* 216 AD2d 430).

The plaintiff further averred that she sustained a scar under her right eye resulting from a laceration caused by the accident. The scar is not described anywhere in the record in terms of length, width, texture, or density, and the plaintiff failed to submit any evidence to otherwise support her claim of significant disfigurement (*see, Jordan v Baine,* 241 AD2d 894, 896).

Therefore, the defendant's motion for summary judgment is granted. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.