■ In the Matter of TRACK ARTIST MANAGEMENT et al., Respondents, v WILLIAM "CHIP" QUIGLEY, Appellant. [766 NYS2d 345] —Amended judgment, Supreme Court, New York County (Paula Omansky, J.), entered June 16, 2003, which, inter alia, granted the petition brought pursuant to CPLR article 75 to confirm arbitration awards dated March 9, 2000 and April 26, 2000, unanimously affirmed, with costs.

The court correctly determined that petitioner properly served the petition on respondent and, in any event, respondent voluntarily submitted to the court's jurisdiction by seeking affirmative relief in his cross petition to dismiss and vacate the arbitration award (*see Matter of American Home Assur. Co. v Montilus*, 234 AD2d 543 [1996]). Also proper was the court's determination that the petition to confirm both awards was timely, having been made within one year of the filing of the "final" award (*cf. Matter of Forhill Gardens [Bevona]*, 225 AD2d 331 [1996]). Nor are any of the other grounds upon which vacatur of the awards might be premised (*see* CPLR 7511) satisfied. Where as here, the parties have agreed to submit their disputes to binding arbitration and the awards reached in consequence of such arbitration are not irrational or viola-

tive of a strong public policy, the awards should be given effect (*Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-157 [1995]).

Petitioners request attorneys' fees incurred in connection with the appeal, to which they claim entitlement under paragraph 10 of the shareholders' agreement. However, this is a matter for arbitral, not judicial, determination.

We have considered respondent's remaining arguments and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.