OPINION OF THE COURT
John P. Lane, J.
On May 25, 2004 respondent Edward A. Friedland, Acting Commissioner of the State Division of Human Rights (SDHR), made an order following a hearing dismissing claims by petitioner Diane Ballard against respondent HSBC, her former employer, that she was denied promotion between 1985 and 1987 for reasons related to her race and was terminated in retaliation for her original complaint to the SDHR, and which otherwise made an award in her favor on claims that HSBC had failed to promote her and had discriminated against her in the terms and conditions of employment based on race and retaliation. The order was served on petitioner and respondent HSBC by mail on May 25, 2004.
On July 23, 2004, petitioner Ballard filed her verified petition and notice of petition in the Erie County Clerk’s Office seeking review of the order pursuant to Executive Law § 298. The notice of petition stated that she would apply for relief at a term of this court “to be held at the Erie County Courthouse, 92 Franklin Street, Buffalo, New York on the — day of —, 2004, at — o’clock in the — noon or at the next available term.” Petitioner’s attorneys served copies of the papers filed by mail on respondents advising that they would be notified when a return date for the proceeding had been assigned. Copies of the documents also were personally served on the Attorney General, SDHR and HSBC. On August 4, petitioner’s attorneys forwarded a letter to the court with copies to counsel requesting that the matter be scheduled for an appearance on August 23. On August 5, HSBC filed a notice of cross petition and cross petition seeking review of the determination made by respondent Friedland and dismissal of petitioner’s complaint in the proceed *523 ing at the SDHR. In the cross petition, HSBC alleged “|jJurisdiction is proper pursuant to Executive Law § 298.” A few days later, counsel for HSBC responded with a letter requesting that Ballard’s petition be scheduled for September 13, 2004, the date it had fixed for the return of its cross petition. On August 18, HSBC moved to dismiss the notice of petition and petition for lack of jurisdiction and as barred by the statute of limitations. On September 3, the SDHR answered the petition and cross petition seeking transfer of both to the Appellate Division without raising any jurisdictional defenses and seeking only confirmation of the order made by respondent Friedland. On September 22, 2004 petitioner filed a motion pursuant to CPLR 306-b for an order extending the time to serve her notice of petition and petition and/or deeming the prior service of the notice of petition and petition good and sufficient. HSBC has not answered the petition. On October 12, 2004, petitioner answered HSBC’s cross petition alleging, among other things, that it was not filed within 60 days following service of the order made by respondent Friedland.
Pointing to both Executive Law § 298 and CPLR 403 (a), HSBC correctly contends that to properly commence a proceeding to review an order made by respondent Friedland, petitioner Ballard was required to file and serve both a petition and notice of petition specifying the time and place of the hearing on the petition. Executive Law § 298 provides that any complainant, respondent or other person aggrieved by a final order of the Commissioner of the Division of Human Rights made after a public hearing may obtain judicial review in a proceeding commenced in the Supreme Court and initiated by the filing of a notice of petition and petition, whereupon “the court shall have jurisdiction of the proceeding and of the questions determined therein . . . .” CPLR 403 (a) requires that a notice of petition in a special proceeding specify the time and place of the hearing on the petition.
Petitioner’s failure to specify the return date for the hearing in her notice of petition is a well recognized jurisdictional defect in a wide variety of special proceedings (see, e.g., Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor, 309 AD2d 1251 [2003], lv granted 1 NY3d 507 [2004], appeal withdrawn 3 NY2d 635 [2004]; see also Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda, 8 AD3d 953 [2004], appeal withdrawn 3 NY3d 669 [2004], lv granted 11 AD3d 1053 [2004]; Matter of Nationwide Ins. Enter. [Denga], *524 302 AD2d 929 [2003]; Matter of Lamb v Mills, 296 AD2d 697 [2002], lv denied 99 NY2d 501 [2002]; Matter of Oates v Village of Watkins Glen, 290 AD2d 758 [2002]; Matter of State of New York v New York State Div. of Human Rights, 284 AD2d 882, 883 n [2001]; Matter of Vetrone v Mackin, 216 AD2d 839 [1995]; Matter of Figaro v New York State & Local Retirement Sys., 203 AD2d 678 [1994], lv denied 84 NY2d 801 [1994]).
Petitioner’s reliance on CPLR 304, which allows some special proceedings to be commenced by filing a petition only, is misplaced (see National Gypsum at 954). Section 298 of the Executive Law provides specifically that judicial review of an SDHR order made after a public hearing may be obtained only in a proceeding commenced by the filing of a notice of petition and a petition. CPLR 101 provides that the Civil Practice Law and Rules shall govern the procedure in civil judicial proceedings in all courts of the state, except where the procedure is regulated by inconsistent statute. Executive Law § 298 is such a statute (cf. Ling Ling Yung v County of Nassau, 77 NY2d 568 [1991]). Thus, petitioner cannot turn to CPLR 304 to excuse a jurisdictional defect in the notice of petition it filed and served. That respondents were notified of a return date within 15 days following the filing of the petition and notice does not cure the jurisdictional defect.
However, petitioner also argues that respondent HSBC has waived this defect in her notice of petition by filing a cross petition that did not raise the claim of jurisdictional defect. Petitioner correctly contends that to preserve a lack .of personal jurisdiction claim, HSBC had to either move to dismiss the petition before pleading or affirmatively raise the issue in its answer (see CPLR 404 [a]). By failing to properly assert its lack of personal jurisdiction defense, HSBC is deemed to have waived it. Furthermore, petitioner argues that HSBC’s allegation in its verified cross petition that “jurisdiction is proper pursuant to Executive Law § 298” also constitutes a waiver of its claim that the notice of petition was defective, precluding it from arguing that the court is without jurisdiction. HSBC responds that its cross petition is akin to a notice of cross appeal, and if it is considered a substantive pleading, it is similar to a counterclaim to the petition, citing Textile Tech. Exch. v Davis (81 NY2d 56 [1993]). However, in Textile Tech, the defendant had answered, denying allegations in the complaint and alleging the affirmative defense of lack of personal jurisdiction, as well as asserting a counterclaim. The Court of Appeals held that a pleaded *525 jurisdictional defense is not waived where a counterclaim must be asserted to avoid the risk of preclusion under principles of collateral estoppel. The Court recognized that an affirmative pleading in the form of an unrelated counterclaim may constitute a waiver of a personal jurisdictional defense.
In Matter of Fry v Village of Tarrytown (89 NY2d 714 [1997]), the Court of Appeals stated that the failure of petitioner to file a signed copy of an order to show cause after paying the requisite filing fee did not deprive the court of the power to adjudicate an article 78 proceeding “when subject matter jurisdiction otherwise exists and when personal jurisdiction over the parties has otherwise been obtained” (89 NY2d at 718).[1] The Court went on to rule that as in the case of issues concerning service of process and the statute of limitations, a defect in filing of papers can be waived if not properly raised (see also Matter of Track Artist Mgt. v Quigley, 309 AD2d 680 [2003], lv denied 1 NY3d 506 [2004] [respondent voluntarily submitted to the court’s jurisdiction by seeking affirmative relief in his cross petition]; Clarke v Davis, 277 AD2d 902 [2000] [defendant waived his objection by appearing and failing to raise an objection in his answer]; Matter of American Home Assur. Co. v Montilus, 234 AD2d 543 [1996] [respondent waived claim that service of notice of petition was improper by seeking affirmative relief]). HSBC affirmatively alleged in a verified pleading that the court has jurisdiction of the parties thereby waiving the issue of personal jurisdiction. If that were not the case, its cross petition for review of the order made by respondent Friedland would fail as the 60-day statute of hmitations had expired before the notice of cross petition and cross petition were filed and served (see Executive Law § 298), a point petitioner has also raised.[2]
Petitioner alternatively moves pursuant to CPLR 306-b for an order extending the time to serve her notice of petition and petition or otherwise deeming the prior service of the notice of petition and petition sufficient. Citing Leader v Maroney, Ponzini & Spencer (97 NY2d 95 [2001]), petitioner argues that she is entitled to the extension of time on the basis of good cause *526 shown or in the interest of justice. Pointing to the lack of a return date in the notice of petition filed and served, HSBC argues that this proceeding is a nullity and therefore an extension of time cannot be granted as the relief petitioner seeks is barred by limitation of time. Petitioner’s request cannot be granted by this court for the reasons that follow.
After the matter was first submitted, the court requested counsel to consider whether the record presents the issue of subject matter jurisdiction, a nonwaivable defect that affects the power of the court {see Fry at 718; Siegel, NY Prac § 8, at 9 [3d ed]). Petitioner responded that the Appellate Division has exclusive jurisdiction over the entire proceeding, including her pending motion and HSBC’s cross motion, citing to State Div. of Human Rights [Albino] v YMCA of Greater N.Y. (139 AD2d 440 [1988], lv denied 72 NY2d 807 [1988]) and Matter of Dabbs v New York State Div. of Human Rights (269 AD2d 594 [2000]). Neither of these cases addresses the issue of subject matter jurisdiction. In response to the court’s inquiry, HSBC shifted its position. Citing Matter of State Div. of Human Rights v Fairway Apts. Corp. (39 AD2d 761 [1972], affd 33 NY2d 754 [1973]) holding that a cross motion to set aside an order of SDHR does not lie where the respondent failed to timely perfect an appeal from that order to the State Human Rights Appeal Board as then required by Executive Law § 298, HSBC concedes that as its notice of cross petition and the cross petition were not timely filed, the court is without jurisdiction and the entire proceeding must therefore be dismissed. In response, SDHR adheres to its position that the entire matter should be transferred to the Appellate Division.
In the absence of subject matter jurisdiction, a court lacks the power to do anything other than dismiss the proceeding either on motion by a party or sua sponte. A proceeding pursuant to Executive Law § 298 can be initiated only by filing of a notice of petition and petition in the Supreme Court. A notice of petition in a special proceeding must “specify the time and place of the hearing on the petition” (CPLR 403 [a]). Upon the filing of the notice of petition and petition, “the court shall have jurisdiction of the proceeding and of the questions determined therein” (Executive Law § 298 [emphasis added]; see also Denson v Buffalo Evening News, 45 AD2d 931 [1974]). In the court’s opinion, this language implicates subject matter jurisdiction, not jurisdiction of the parties. If this were an article 78 proceeding, the matter could be disposed of here for lack of subject mat *527 ter jurisdiction as a threshold issue (see CPLR 7804 [g]).[3] However, the jurisdiction of the court in this proceeding is found in Executive Law § 298, which requires that the matter be transferred to the Appellate Division for disposition.

. In Fry, although petitioner had failed to file a conformed copy of the order to show cause after it was signed, copies of the order containing a return date were served on the respondents.

. The last day to commence the proceeding was July 26, 2004 (extended because July 24, the end of the 60-day period for commencement, was a Saturday).

. The power of judicial review of an SDHR order made after a public hearing, now vested in the Appellate Division, is broader than that found in CPLR article 78 (see Matter of Holland v Edwards, 282 App Div 353 [1953], affd 307 NY 38 [1954]).