In the Matter of DIANE BALLARD, Respondent, v HSBC BANK USA, Petitioner, and EDWARD A. FRIEDLAND, as Acting Commissioner of New York State Division of Human Rights, Respondent. [839 NYS2d 874]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [John P. Lane, J.], entered March 30, 2005) to review a determination of respondent. The determination, inter alia, dismissed petitioner-respondent's complaint against respondent-petitioner.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition and cross petition are dismissed.

Memorandum: Contrary to the contention of petitioner-respondent (petitioner), the determination of respondent, Acting Commissioner, New York State Division of Human Rights (SDHR), that her termination by respondent-petitioner HSBC Bank USA (HSBC) was not in retaliation for her initial complaint of discrimination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]). Petitioner continued to be employed by HSBC for more than one year after she filed her initial complaint, and her behavior on her final day of work provided a sufficient basis for her termination from employ-

ment (*see generally Matter of Milonas v Rosa*, 217 AD2d 825, 825-828 [1995], *lv denied* 87 NY2d 806 [1996]). Respondent also properly determined that, to the extent that petitioner asserted in her complaint that HSBC failed to promote her, that part of her complaint was untimely because it was not filed with SDHR within one year of the alleged discrimination (*see* Executive Law § 297 [5]). The alleged failure to promote is a single act of discrimination and does not fall within the continuing violation exception to the limitations period (*see generally State Div. of Human Rights v Burroughs Corp.*, 73 AD2d 801 [1979], *affd* 52 NY2d 748 [1980]).

The award of $35,000 as compensatory damages for petitioner's mental anguish and humiliation was "reasonably related to the discriminatory conduct" and will not be disturbed (*Matter of New York City Tr. Auth. v State Div. of Human Rights*, 78 NY2d 207, 217 [1991]). Finally, HSBC failed to interpose a timely cross petition and thus may not seek affirmative relief in this proceeding (*see generally* Executive Law § 298; *Matter of State Div. of Human Rights v Fairway Apts. Corp.*, 39 AD2d 761 [1972], *affd* 33 NY2d 754 [1973]). Present—Hurlbutt, J.P., Gorski, Lunn and Pine, JJ. [*See* 8 Misc 3d 521 (2005).]