OPINION OF THE COURT
Memorandum.
Ordered that the judgment is affirmed, without costs.
In this proceeding to confirm an arbitration award, petitioner alleges that it entered into a written agreement with respondent on January 12, 2006 for the lease of commercial security equipment. That agreement provided that any controversy or claim arising out of the agreement would be settled by arbitration in accordance with the rules of the National Arbitration Association. Petitioner commenced an arbitration on December 4, 2008 by serving a demand for arbitration by mail. As conceded by petitioner in its brief on appeal, respondent failed to answer or appear at the arbitration hearing. The arbitrator rendered an award in favor of petitioner, which was sent to respondent by mail. Petitioner then commenced this special proceeding, pursuant to CPLR article 75, to confirm the arbitration award. Respondent did not answer the petition. Although the petition was unopposed, the Civil Court denied the petition and dismissed the proceeding, on the ground that service of the notice of petition was improper. Petitioner appeals and we affirm.
Pursuant to CPLR 7502 (a), “[a] special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy.” A special proceeding is commenced by the filing of a petition {see CPLR 304 [a]). Pursuant to CPLR 403 (c), a notice of petition and petition must be served in the same manner as a summons in an action. It is undisputed that the instant proceeding was the first application arising out of the arbitrable controversy and that petitioner commenced the proceeding by simply mailing the notice of petition and petition *81 to respondent by ordinary mail, which is not a method of service authorized by the CPLR (see e.g. Matter of Star Boxing, Inc. v DaimlerChrysler Motors Corp., 17 AD3d 372 [2005]; cf. Matter of Fernandez [Universal Underwriters Ins. Co.], 130 AD2d 657 [1987]). On appeal, petitioner argues that service by mail was proper because respondent had agreed to such service.
The underlying lease agreement between the parties provides, in relevant part: “The parties waive trial by jury in any action between them . . . Any action or dispute between the parties, including issues of arbitrability, shall, at the option of either party, be determined by arbitration administered by the National Arbitration Association [address omitted] under its Commercial Arbitration Rules, www.natarb.com.” According to the Web site referred to in the agreement, as well as the verified petition, rule 38 of the Commercial Arbitration Rules states, in pertinent part:
“(d) Service of process in any action or proceeding to confirm an award may be made by United States Postal mail, postage paid, addressed to the attorney appearing for any party in the arbitration proceeding or addressed to the party at the address designed [sic] in the arbitration agreement, or by any other manner of service authorized by the law of the jurisdiction.” (Arbitration Services, Inc., Commercial Arbitration Rules, http://www.natarb.com/ arbrules.htm.)
As petitioner argues, “[i]t is well settled that a person who has agreed to receive a particular mode of notification of legal proceedings should be bound by a judgment in which that particular mode of notification has been followed” (Credit Car Leasing Corp. v Elan Group Corp., 185 AD2d 109, 109 [1992], citing Gilbert v Burnstine, 255 NY 348 [1931]). However, it cannot be said that respondent in this case knowingly agreed to a different method of service to commence a court proceeding than that required by the CPLR.
The agreement in question merely refers to rules found on a Web site; the rules themselves are not set forth in the agreement. Petitioner did not show proof that respondent had been provided with a copy of the rules or had otherwise been made aware of the particular rule relied upon by petitioner. Moreover, the rule in question relates to the commencement of a court proceeding, not to the conduct of the arbitration itself. By agreeing to “arbitration administered” according to a certain set of
*82 rules, a party would not necessarily be on notice that those rules would govern procedures applicable to a court action, especially where, as here, the particular rule involves service of process, which raises due process concerns (see Matter of Republique Francaise [Cellosilk Mfg. Co.], 309 NY 269 [1955]).
Due process requires “notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action” (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]; see also Matter of Beckman v Greentree Sec., 87 NY2d 566 [1996]). In this case, petitioner had reason to believe that mailing was not a method reasonably calculated to apprise respondent of the pendency of the action, as the demand for arbitration had similarly been sent only by mail and respondent had failed to respond or appear at that arbitration (cf. Matter of Fernandez [Universal Underwriters Ins. Co.], 130 AD2d 657 [1987]). Indeed, petitioner did not provide any evidence that respondent was still occupying the address set forth in the lease agreement. We note that, in fact, respondent also failed to respond to the petition to confirm arbitration and to this appeal.
Given all of the circumstances, the Civil Court correctly found that service was inadequate and denied the petition to confirm the arbitration award. Accordingly, the judgment is affirmed. In light of our determination, we pass on no other issue.