Peckham v Island Park Union Free Sch. Dist. (2018 NY Slip Op 08318)





Peckham v Island Park Union Free Sch. Dist.


2018 NY Slip Op 08318


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-04390
 (Index No. 605225/15)

[*1]Elizabeth Peckham, respondent, 
v
Island Park Union Free School District, appellant.



Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Maurizio Savoiardo and Michael Feinstein of counsel), for appellant.
Ricotta & Marks, P.C., Long Island City, NY (Matthew Marks of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for employment discrimination, the defendant appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated March 16, 2016. The order denied the defendant's motion pursuant to CPLR 3211 to dismiss the complaint and granted the plaintiff's cross motion for leave to amend the complaint.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 3211 to dismiss the complaint is granted, and the plaintiff's cross motion for leave to amend the complaint is denied.
The plaintiff commenced this action against the defendant, Island Park Union Free School District, to recover damages for employment discrimination on the basis of age and sexual orientation in violation of Executive Law § 296. The defendant moved pursuant to, inter alia, CPLR 3211(a)(1), (5), and (7) to dismiss the complaint, and the plaintiff cross-moved for leave to amend her complaint. The Supreme Court denied the motion and granted the cross motion, and the defendant appeals.
The defendant established that this action was time-barred, as the last alleged adverse employment action occurred more than a year prior to the commencement of the action (see CPLR 3211[a][5]; Education Law § 3813[2-b]; Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d 367; Matter of Lozada v Elmont Hook & Ladder Co. No. 1, 151 AD3d 860). Contrary to the plaintiff's contention, the allegations in the complaint, and in the proposed amended complaint, are insufficient to establish a viable claim of a continuing violation and, therefore, the continuing violation doctrine did not toll the running of the statute of limitations (see Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544, 544). The continuing violation doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (Selkirk v State of New York, 249 AD2d 818, 819; see Town of Oyster Bay v Lizza Indus., Inc., 22 NY3d 1024, 1032; Matter of Ballard v HSBC Bank USA, 42 AD3d 938; Patrowich v Chemical Bank, 98 AD2d 318, affd 63 NY2d 541).
While leave to amend the pleadings shall be freely given (see CPLR 3025[b]), leave [*2]should not be granted when the proposed amendment is palpably insufficient or devoid of merit (see Darby Group Cos., Inc. v Wulforst Acquisition, LLC, 130 AD3d 866, 867; Leszczynski v Kelly & McGlynn, 281 AD2d 519). Here, the proposed amended complaint failed to sufficiently plead allegations which would support the tolling of the statute of limitations by the continuing violation doctrine (see Leszczynski v Kelly & McGlynn, 281 AD2d at 520).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 to dismiss the complaint, and denied the plaintiff's cross motion for leave to amend the complaint.
The defendant's remaining contentions need not be reached in light of our determination.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court