■ STANFORD HEIGHTS FIRE DISTRICT, Appellant, v TOWN OF NISKAYUNA et al., Respondents.—Weiss, J. Appeal from that part of an order of the Supreme Court at Special Term (Dier, J.), entered April 22, 1985 in Schenectady County, which denied plaintiff's motion for summary judgment and granted defendant Niskayuna Fire District No. 1's cross motion to dismiss the complaint against it.

Plaintiff and defendant Niskayuna Fire District No. 1 both provide fire service within defendant Town of Niskayuna in Schenectady County. From at least 1977 through January 1984, the town erroneously designated certain properties to be within Fire District No. 1 for purposes of assessing fire district taxes. In June 1982, plaintiff formally requested the town to change the assessment rolls by including the subject parcels within plaintiff's district, where they were actually located. Ultimately, plaintiff commenced a CPLR article 78 proceeding which culminated in a December 23, 1983 judgment directing the town to correct the assessments prospectively. The town eventually complied, but not before the properties were again assessed to Fire District No. 1 for 1984 tax purposes.

As a result, plaintiff commenced the instant action in February 1984 seeking to recover all moneys paid by the town to Fire District No. 1 from 1977 through 1984 due to the incorrect assessments. Plaintiff also sought punitive damages against the town in the amount of $2,000, and included a cause of action against Fire District No. 1 on the theory of unjust enrichment. Both defendants interposed as defenses plaintiff's failure to file a notice of claim as required by General Municipal Law §§ 50-e and 50-i, the Statute of Limitations, and a lack of damages. Plaintiff's motion for summary judgment and the town's cross motion for dismissal were denied on the ground that triable factual issues existed. Special Term did, however, grant Fire District No. 1's cross motion to dismiss the complaint against it on the ground that it was not a proper party. This appeal by plaintiff ensued.

In our review, Special Term erred in denying the town's cross motion to dismiss since plaintiff was required, but failed, to file a timely notice of claim. Although we recognize that the town did not appeal the denial of its cross motion, this court, upon searching the record on plaintiff's appeal from the denial

of its summary judgment motion, is authorized to award summary judgment to a nonmoving party even in the absence of an appeal by that party *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-112).

Whether plaintiff was required to file a notice of claim depends on the nature of the relief sought, for the statutory requirements pertain only to tort claims, not claims in equity or for breach of contract *(Fraccola v City of Utica,* 77 AD2d 161, 165). Here, the complaint alleges three bases for liability against the town: negligence, breach of duty and prima facie tort. There is no doubt that negligence and prima facie tort are within the scope of General Municipal Law § 50-i (1). Similarly, the allegation that the town was derelict in its duty to properly assess the fire district tax *(see,* Town Law § 181 [1]) also sounds in tort *(see, Phelps Steel v City of Glens Falls,* 89 AD2d 652; *Mazo v Town of Shawangunk,* 60 AD2d 734). Despite plaintiff's contentions that it is not seeking to recover for "personal injury, wrongful death or damage to real or personal property" (General Municipal Law § 50-i [1]), it has failed to demonstrate that the complaint states a cause of action for anything other than a tort. The most reasonable interpretation of this unique claim is that plaintiff is seeking relief for damages to the taxpayers within its district based on the town's erroneous conduct. Since the action sounds in tort and a review of the complaint confirms that a timely notice of claim was not filed, Special Term should have dismissed the complaint as against the town *(see,* General Municipal Law §§ 50-e, 50-i; *Davidson v Bronx Municipal Hosp.,* 64 NY2d 59, 61-62).

We further find that Special Term erred in dismissing the action against Fire District No. 1. Since plaintiff framed the cause of action against this defendant as one for money had and received or unjust enrichment, it was unnecessary to demonstrate any duty or contractual relationship between the parties *(see,* 22 NY Jur 2d, Contracts, § 451, at 388). Plaintiff was simply required to allege that this defendant received a benefit which general principles of equity indicate would be unconscionable for it to retain *(see, Parsa v State of New York,* 64 NY2d 143, 148; 22 NY Jur 2d, Contracts, § 449, at 380; § 450, at 384-387). Plaintiff has met this burden by asserting that Fire District No. 1 received tax moneys collected on properties outside its own boundaries which were actually due plaintiff *(see,* 22 NY Jur 2d, Contracts, § 452, at 389-390). Nor do we find any impediment in plaintiff's failure to file a notice of claim against Fire District No. 1, since the action is clearly

equitable in nature (see, Watts v Town of Gardiner, 90 AD2d 615). We do find, however, that Special Term properly denied plaintiff's motion for summary judgment since a clear issue of fact exists as to whether plaintiff has incurred any damages. The record indicates that plaintiff's budget requests were fully met during the years in issue, and conflicting affidavits have been presented as to whether plaintiff or Fire District No. 1 actually serviced the subject parcels.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant Niskayuna Fire District No. 1's cross motion to dismiss the complaint against it; said cross motion denied and summary judgment granted to defendant Town of Niskayuna dismissing the complaint against it; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.