■ AMERICAN PEN CORP., Appellant, v CITY OF NEW YORK et al., Respondents. [698 NYS2d 472] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered January 29, 1998, which dismissed the complaint for failure to file a notice of claim pursuant to General Municipal Law § 50-e, unanimously modified, on the law, to sever and permit the first, second and fourth equitable causes of action to stand, and otherwise affirmed, without costs.

Plaintiff alleges a continuing trespass by the accumulation of debris on property subject to an easement for the City-owned Melrose Avenue Bridge. The first, second and fourth causes of action in the complaint are equitable in nature (abatement of nuisance and injunctive relief), whereas the third and fifth causes seek $75,000,000 in treble damages and $2 million plus $20,000 per day as compensation for reasonable "use and occupancy" of the property, respectively.

The requirement to file a formal notice of claim with the municipality does not apply to an action in equity to restrain a continuing act, and to demands for money damages which are

merely incidental to such equitable claims (*Dutcher v Town of Shandaken*, 97 AD2d 922, 923; *Fontana v Town of Hempstead*, 18 AD2d 1084, *affd* 13 NY2d 1134). The multimillion dollar damage claims here are more than simply incidental to the equitable relief sought by plaintiff. The fact that the major portion of the complaint seeks equitable relief does not, in this instance, preserve the damage claims made without formal notice. Accordingly, the motion court was correct insofar as it dismissed the third and fifth causes of action. Concur—Sullivan, J. P., Williams, Wallach, Lerner and Friedman, JJ.