■ LESLIE KAHN, Respondent, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Appellants. [915 NYS2d 26]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 8, 2009, which denied respondents' motion to dismiss the petition, unanimously reversed, on the law, without costs, and the motion granted.

Petitioner challenges the termination of her probationary employment as a social worker, and asserts due process claims

pursuant to 42 USC § 1983. She began working for the Department of Education in February 2005 as a social worker, spending 2¹/₂ years at Williamsburg High School. In July 2007 she switched to Khalil Gibran International Academy, where respondent Salzberg, as Interim Acting Principal, gave her a rating of unsatisfactory in an evaluation on December 19, 2007. Two days later, the Superintendent wrote to petitioner, denying her a certification of completion of probation, and advising that her service would be terminated effective January 25, 2008, and that she was entitled to administrative review under the collective bargaining agreement.

Petitioner proceeded with an administrative appeal on January 3, 2008. Following an administrative hearing, the Department of Education, by letter dated May 9, reaffirmed the denial of petitioner's certification of completion of probation. On or about September 9, 2008, petitioner commenced this proceeding.

Petitioner's claims, which are equitable in nature, are not barred by her failure to file a notice of claim pursuant to Education Law § 3813 (1), which is only required when money damages are sought (*Ruocco v Doyle*, 38 AD2d 132 [1972]).

However, her claims are time-barred. A petition to challenge the termination of probationary employment on substantive grounds must be brought within four months of the effective date of termination (*see* CPLR 217 [1]; *Matter of Andersen v Klein*, 50 AD3d 296 [2008]; *Matter of Lipton v New York City Bd. of Educ.*, 284 AD2d 140 [2001]). The time to commence such a proceeding is not extended by the petitioner's pursuit of administrative remedies (*Matter of Strong v New York City Dept. of Educ.*, 62 AD3d 592 [2009], *lv denied* 14 NY3d 704 [2010]). Petitioner failed to commence this proceeding within four months of the effective date of her termination. Although the notice of termination was procedurally defective in that she was not given the requisite 60 days' prior notice of discontinuance, as required by Education Law § 2573 (1) (a), that defect does not invalidate the discontinuance or render the statute of limitations inapplicable; at best, it would have entitled petitioner to additional back pay, had she served a notice of claim and sought money damages (*see Matter of Pascal v Board of Educ. of City School Dist. of City of N.Y.*, 100 AD2d 622, 624 [1984]).

Nor does petitioner have a valid claim for deprivation of civil rights under 42 USC § 1983. Such a claim requires an allegation that the proponent was deprived of a property or liberty interest without due process of law (*see Ciambriello v County of Nassau*, 292 F3d 307, 313 [2d Cir 2002]). A probationary teacher

does not have a property right in his or her position (*see Pinder v City of New York*, 49 AD3d 280 [2008]; *Donato v Plainview-Old Bethpage Cent. School Dist.*, 96 F3d 623, 629-630 [2d Cir 1996], *cert denied* 519 US 1150 [1997]). The process provided for in the collective bargaining agreement did not create such an interest (*see Sealed v Sealed*, 332 F3d 51, 56 [2d Cir 2003]). Moreover, petitioner was not deprived of a liberty interest by the "stigma" arising from allegations of poor work performance. To establish such a "stigma plus" claim, a petitioner must prove "some action by the [agency] imposing a tangible and material burden, and . . . [the] utterance of a false statement that damaged his reputation in connection with the burdensome action" (*O'Connor v Pierson*, 426 F3d 187, 195 [2d Cir 2005]). While Salzberg's accusations against petitioner may "go to the heart of [petitioner's] professional competence and damage her professional reputation to such an extent as to severely impede her ability to continue in the education field in a supervisory capacity" (*Donato*, 96 F3d at 633), petitioner's "stigma plus" claim is defeated by the availability of a post-termination administrative hearing (*see Segal v City of New York*, 459 F3d 207 [2d Cir 2006]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.