■ ANDREW THOMAS, Respondent, v CITY OF ONEONTA, Appellant. [934 NYS2d 249]—

Egan Jr., J.

On September 29, 2009 plaintiff, a police officer employed by defendant, approached his supervisor and disclosed various acts of on-duty misconduct allegedly committed by certain of his fellow officers. Plaintiff subsequently repeated these allegations to the Chief of Police and an investigation ensued, as a result of which three officers were placed on suspension. Approximately one week after reporting the alleged misconduct, plaintiff was advised that—effective immediately—he would be assigned to the 4:00 P.M. to midnight shift (instead of his usual day shift), his days off would switch from weekends to midweek and he would be assigned certain additional duties previously performed by one of the suspended officers. Plaintiff met with his supervisor again on October 29, 2009, at which time he complained of harassment by the suspended officers and contended that he was being punished for reporting the alleged misconduct. Thereafter, on November 2, 2009, plaintiff tendered his resignation effective November 15, 2009.[1]

On February 5, 2010, plaintiff served a notice of claim upon defendant pursuant to General Municipal Law § 50-e and, on November 3, 2010, commenced this action pursuant to Civil Service Law § 75-b alleging, among other things, that he was the victim of retaliatory personnel actions. Defendant answered and moved to dismiss asserting, insofar as is relevant to this appeal, that the underlying claims were time-barred. Supreme Court dismissed as time-barred that portion of plaintiff's claim premised upon the Common Council's failure to act upon his request for reinstatement, but otherwise denied defendant's motion. This appeal by defendant ensued.

In order to maintain this action, plaintiff was required to serve a notice of claim upon defendant within 90 days after his underlying claims arose (see General Municipal Law § 50-e [1] [a]; Donas v City of New York, 62 AD3d 504, 505 [2009]; see also Rowe v NYCPD, 85 AD3d 1001, 1002 [2011]) and, further, com-

---

1. Although plaintiff subsequently reconsidered, he apparently was advised that defendant's Common Council would need to approve his reinstatement. The Common Council allegedly declined to consider plaintiff's request and, as such, he was not reinstated.

mence this action "within one year after the alleged retaliatory personnel action[s]" took place (Labor Law § 740 [4] [a]; *see* Civil Service Law § 75-b [3] [c]; *Donas v City of New York*, 62 AD3d at 505). Although the alterations to plaintiff's work schedule and the assignment of additional duties became effective on or about October 6, 2009,[2] plaintiff did not serve his notice of claim until February 5, 2010—well beyond the 90-day period— and did not commence this action until November 3, 2010— outside the one-year statute of limitations. Plaintiff's constructive discharge claim is equally untimely, as such claim arose when he tendered his resignation on November 2, 2009—the date upon which plaintiff "severed his relationship with his former employer" (*Kowalski v Department of Corrections of City of N.Y.*, 66 AD2d 814, 815 [1978])—not the date upon which he deemed his resignation te be effective (*see Clark v State of New York*, 302 AD2d 942, 944 [2003]; *see also Matter of Amorosi v South Colonie Ind. Cent. School Dist.*, 9 NY3d 367, 373 [2007]; *cf. Matter of Lewis v State Univ. of N.Y. Downstate Med. Ctr.*, 35 AD3d 862, 863 [2006]). Accordingly, as plaintiff neither served the required notice of claim in a timely fashion nor commenced this action within the applicable statute of limitations, defendant's motion to dismiss should have been granted in its entirety.

Contrary to plaintiff's assertion, the continuing violation doctrine does not operate to toll either of the foregoing limitations periods. As prior decisions of this Court make clear, the doctrine "may only be predicated on continuing unlawful acts and not on the continuing effects of earlier unlawful conduct" (*Selkirk v State of New York*, 249 AD2d 818, 819 [1998]; *see Rowe v NYCPD*, 85 AD3d at 1002; *Commack Self-Serv. Kosher Meats v State of New York*, 270 AD2d 687, 688 [2000]; *compare Dobson v Loos*, 277 AD2d 1013 [2000]). Here, all of the acts alleged by plaintiff—the change in shifts/days off, the assignment of additional duties and the constructive discharge—constitute single and distinct events (*cf. Matter of Ballard v HSBC Bank USA*, 42 AD3d 938, 939 [2007]; *see generally National Railroad Passenger Corporation v Morgan*, 536 US 101, 114 [2002]). Thus, while the effects of the allegedly unlawful acts may have been ongoing, such acts—for purposes of the statutory periods—were deemed complete as of the respective dates upon which they occurred (*see National Railroad Passenger Corporation v Morgan*,

---

**2.** Plaintiff does not allege a specific date as to these actions, stating only that the changes to his work schedule and duties occurred approximately one week after his September 29, 2009 meeting with his supervisor.

536 US at 110).[3] In light of this conclusion, we need not address the remaining arguments raised by defendant.

Mercure, J.P., Spain, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.

 ---

3. To the extent that plaintiff argues that he was subject to ongoing harassment by the suspended officers up to and including the effective date of his resignation (November 15, 2009), which defendant purportedly failed to curtail or otherwise address, any claim for defendant's alleged inaction in this regard accrued on November 2, 2009 when plaintiff tendered his resignation and terminated the employment relationship.