■ HOWARD JOHNSON, Appellant, v CITY OF PEEKSKILL, Respondent. [936 NYS2d 701]—

The plaintiff is the owner of a two-family residence investment property located in the City of Peekskill in Westchester County. The zoning ordinance contained in the Code of the City of Peekskill (hereinafter the Peekskill City Code) in effect when the home was built permitted the property to be used for single or two-family residential use; however, the zoning ordinance was subsequently revised so that only one-family dwellings could be built in that area. The revised zoning code also contained a so-called "grandfather" clause which allowed the existing use of the property as a two-family home to continue, provided that such grandfathered status would be lost if "such use [was] discontinued for any reason for a period of over one year" (Peekskill City Code § 575-44 [A] [3]).

On August 16, 2007, a fire broke out on the first floor of the plaintiff's house. While the plaintiff contended that the building was "less than 50% damaged," the City of Peekskill Building Department determined that the building was "severely damaged." As a result of the fire, the Peekskill Fire Chief directed the utility company to cut all electric power to the plaintiff's house. In April 2008, the plaintiff hired an electrician to get the electricity turned back on. In May 2008, approximately nine months after the fire, the electrician requested an electrical permit to turn the electricity back on, but the request was denied. According to the plaintiff, while the second floor apartment was "not badly damaged" and was ultimately repaired, he

was unable to rent the second floor apartment because there was no electricity.

On August 6, 2008, the plaintiff filed for a building permit. By letter dated August 13, 2008, his request was denied. The City of Peekskill Building Department stated that since the building had been "severely damaged" by the fire, the plaintiff would "need to engage a licensed design professional . . . to submit detailed working plans." The Building Department also informed the plaintiff that since the building had not been used as a two-family house for more than one year, the building could no longer be used as a two-family residence.

The plaintiff commenced this action against the City of Peekskill seeking an injunction to compel the City to issue him a building permit for a two-family house and for money damages, both compensatory and punitive, arising from the City's failure to issue the permit. The Supreme Court granted the City's motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law §§ 50-e and 50-i, and denied the plaintiff's cross motion for leave to serve a late notice of claim.

The plaintiff was not required to serve a notice of claim. General Municipal Law § 50-e mandates that a notice of claim must be served as a condition precedent to the commencement of a tort action against a municipality (*see Rowe v NYCPD*, 85 AD3d 1001, 1002 [2011]). Section 50-e (1) (a) provides, in relevant part, that a "notice of claim" is required "[i]n any case founded upon tort." Section 50-i, entitled "Presentation of tort claims; commencement of actions," is similarly limited to torts. Here, the plaintiff is not asserting a tort claim against the City, and, therefore, he is not subject to section 50-e's notice of claim requirement.

The plaintiff's claim is not subject to the notice of claim statute because his claim is primarily equitable in nature. The plaintiff's complaint seeks injunctive relief; specifically, it demands that a building permit be issued. Although the complaint also demands compensatory and punitive damages for the alleged wrongful act committed by the City, compliance with the notice of claim requirements of section 50-e is not necessary where, as here, the action is brought in equity to restrain a continuing act and where a demand for money damages is merely incidental to the requested injunctive relief (*see Rist v Town of Cortlandt*, 56 AD3d 451 [2008]; *Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164 [2001]; *Fontana v Town of Hempstead*, 18 AD2d 1084 [1963], *affd* 13 NY2d 1134, 1135 [1964]; *cf. Palmieri v Village of Babylon*, 26 AD3d 423 [2006]).

Accordingly, the Supreme Court erred in granting the City's motion to dismiss the complaint for failure to serve a timely notice of claim, and it should have denied the plaintiff's cross motion for leave to serve a late notice of claim as unnecessary. Mastro, A.P.J., Florio, Lott and Cohen, JJ., concur.