[991 NYS2d 602]

WILLIAM C. ROSE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Respondent.

First Department, August 28, 2014

**APPEARANCES OF COUNSEL**

*Arnold E. DiJoseph, P.C.*, New York City (*Arnold E. DiJoseph* and *Arnold E. DiJoseph III* of counsel), for appellant.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Janet L. Zaleon* and *Kristin M. Helmers* of counsel), for respondent.

**OPINION OF THE COURT**

FEINMAN, J.

Following his termination by defendant, plaintiff commenced this whistleblower action (Civil Service Law § 75-b), without first serving a notice of claim. The complaint seeks back pay, reinstatement, costs and attorney's fees. The motion court, characterizing the complaint as one seeking to vindicate a private injury, rather than a public right, granted defendant's motion to dismiss for failure to comply with the notice of claim provision of General Municipal Law § 50-e (1) (a). On appeal, plaintiff argues that, at a minimum, he should be allowed to sever and retain his claim for reinstatement because it is an equitable remedy that does not require a notice of claim. We agree, and now modify the motion court's order accordingly.

## I

The following factual allegations are gleaned from the complaint. From approximately August 4, 2008 through May 13, 2011, plaintiff was employed as an administrative manager

of the engineering department of Harlem Hospital (the hospital), which is managed by defendant New York City Health and Hospitals Corporation (NYCHHC). Throughout the course of his employment plaintiff received satisfactory job evaluations, and his annual performance reviews for 2009 and 2010 rated him "fully competent." In October 2010, NYCHHC undertook a multi-million dollar acquisition of new "chillers" for the hospital. Plaintiff further alleges that in March 2011, around the same time Eric Morales became plaintiff's direct supervisor, temporary chillers, part of the air conditioning units that regulate temperature, were rented for use while the new, permanent chillers were being installed. The goal was for the new chillers to be operational by March 15, 2011. Plaintiff became aware that although the new chillers were not working properly, Dr. John Palmer, the hospital's executive director, and Dr. Stephen Lawrence, the hospital's deputy executive director, were pressuring the contractor to remove the temporary chillers by April 17, 2011.

Plaintiff believed there was the potential for significant and serious violations of state and federal health standards to occur if the hospital proceeded to rely on the new, not-yet-fully-operational chillers. Because he thought his concerns were not being heard by Morales, plaintiff emailed Palmer and Lawrence directly on April 13, 2011. The next day he was summoned to Palmer's officer for a meeting with Palmer, Lawrence and Morales. At the meeting, he was allegedly berated as an "idiot" for sending the email. Two weeks later, on April 29, 2011, he was presented with a negative written job evaluation, and a termination letter from human resources. Although plaintiff submitted a written rebuttal, his termination was confirmed by defendant on May 26, 2011.

## II

At the outset, it should be noted that the motion court did not reach the branch of the motion to dismiss that challenged whether the allegations in the complaint, if true, state a viable whistleblower claim, and nor do we, as that issue is not before us on this appeal. Rather, the focus of this appeal is whether plaintiff's claim is completely barred based on his conceded failure to serve a timely notice of claim.

The Whistleblower Law forbids retaliatory personnel action by public employers against their employees who disclose to a governmental body information regarding violations of regula-

tions that would present a specific danger to public health or safety, or about what the employee believes to be an improper governmental action (Civil Service Law § 75-b [1] [d]; [2] [a]). A whistleblower claim, by definition, seeks both equitable and monetary damages. An employee may seek relief for such wrongdoing including an injunction to restrain continued violation of the law, reinstatement to the same or equivalent position as before, with full fringe benefits and seniority rights, compensation for lost wages, benefits and other remuneration, and reasonable costs, disbursements and attorney's fees (Civil Service Law § 75-b [3] [c], referencing Labor Law § 740 [5]).

Defendant contends that plaintiff's complaint was properly dismissed pursuant to this Court's decision in *Yan Ping Xu v New York City Dept. of Health* (77 AD3d 40 [1st Dept 2010]). In *Xu*, the self-represented petitioner brought a whistleblower claim, seeking reinstatement, back pay, and removal of an unsatisfactory rating; she had not filed a timely notice of claim. The petitioner argued, inter alia, that a retaliatory firing suit is akin to an employment discrimination claim brought under the Human Rights Law (Executive Law § 296), the latter of which does not fall under the categories of claims requiring that notice be served as set forth in General Municipal Law § 50-i (*see e.g. Sebastian v New York City Health & Hosps. Corp.*, 221 AD2d 294, 294 [1st Dept 1995] [because General Municipal Law § 50-i "define(s) the torts for which a notice of claim is required *only* as personal injury, wrongful death, or damage to property and not torts generally," discrimination claimants do not need to file notices of claim when subject only to this notice provision]; *see also Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 170 [2d Dept 2001] [explaining that because the Human Rights Law is not a cause of action subject to the General Municipal Law notice requirement, there is no need to serve a notice of claim as a condition precedent to commencing an action based on the Human Rights Law in a jurisdiction where General Municipal Law §§ 50-e and 50-i provide the sole notice of claim criteria]).[1] The *Xu* Court declined to consider the Whistleblower Law as similar to the Human Rights Law, pointing out

---

**1.** General Municipal Law § 50-i (1) limits the tort claims requiring a notice of claim to "personal injury, wrongful death or damage to real or personal property . . . sustained by reason of the negligence or wrongful act of [the city or] county."

There are anomalous decisions which appear to read General Municipal Law § 50-i as pertaining to any tort claim against a municipality. For instance, in *Stanford Hgts. Fire Dist. v Town of Niskayuna* (120 AD2d 878 [3d Dept

that "[j]urisprudence has made clear that a notice of claim is required as a condition precedent in cases similar to petitioner's" (*Xu* at 48). *Xu* also applied *Mills v County of Monroe* (59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983] [holding that a claim brought under the Human Rights Law against a county must be preceded by a notice of claim, unless the plaintiff seeks to vindicate a public right]), to find that the plaintiff in *Xu* also did not fall under the *Mills* exception, as *Xu*'s claim sought only private remedies (*see Xu*, 77 AD3d at 48, citing *Mills*, 59 NY2d at 311-312).

We need not comment on whether *Xu*'s reliance on *Mills* was well placed or not, except to note that because the defendant in *Mills* was a county, any claim against it was governed by the notice requirement of County Law § 52. County Law § 52 (1) applies to a much broader scope of cases than does the General Municipal Law, as it requires a notice of claim for, inter alia, "any . . . claim for damages arising at law or in equity, alleged to have been caused . . . because of any misfeasance, . . . or wrongful act on the part of the county."[2] Thus, in *Mills*, if the petitioner had sought to vindicate a public right, no notice of claim would have been needed, despite the notice requirement of County Law § 52. This exception is an important protection for civil rights claims from dismissal based on a procedural ground.[3] However, where no notice of claim is required based on the governing notice statute, the issue of whether a claimant seeks only individual relief or public rights seemingly has no real applicability. Unlike in *Mills*, in jurisdictions where no no-

---

1986]), the plaintiff sought to obtain moneys wrongly credited to one of the defendants based on incorrect assessments of fire district taxes; its complaint alleged negligence, breach of duty and prima facie tort. The case was dismissed as against the defendant town, as no notice of claim was filed. The Third Department held that the tort claims were subject to the notice requirement in General Municipal Law § 50-e, and gave no credence to the plaintiff's argument that plaintiff was not seeking to recover for " 'personal injury, wrongful death or damage to real or personal property' " (120 AD2d at 879, quoting General Municipal Law § 50-i [1]).

2. This is why a Human Rights Law claim brought in a jurisdiction subject only to the notice provision of General Municipal Law § 50-i does not need a notice of claim; unlike the County Law notice provision, the General Municipal Law notice provision pertains to a more circumscribed category of cases.

3. *Mills* referred to *Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.* (35 NY2d 371, 379-380 [1974]), which held in relevant part that actions and proceedings which seek only enforcement of private rights and duties must comply with the pertinent notice requirement, but those seeking to vindicate a public interest do not.

tice of claim is required prior to commencing an action, the issue of whether a claimant seeks private relief or not is simply not a question that comes into play.[4]

Nonetheless, we are constrained by *Xu* to hold that a party bringing a whistleblower claim, and seeking the full range of remedies, must file a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i, even though the whistleblower statute is not a tort statute and technically does not fall within the categories described in General Municipal Law § 50-i.[5] As *Xu* acknowledged, there is a body of case law holding that a notice of claim is required when seeking to commence a whistleblower suit. These cases all cite *Mills* or case law following *Mills*, and most of them also consider whether the claim sought private or public vindication (*see e.g. Roens v New York City Tr. Auth.*, 202 AD2d 274 [1st Dept 1994] [notice of claim was required pursuant to broad notice provision of Public Authorities Law § 1212; individual rights]; *Matter of McGovern v Mount Pleasant Cent. Sch. Dist.*, 114 AD3d 795 [2d Dept 2014], *lv granted* 23 NY3d 903 [2014] [notice of claim was required pursuant to broad notice provision of Education Law § 3813 (1); individual rights]; *Thomas v City of Oneonta*, 90 AD3d 1135 [3d

---

**4.** It would not make sense that a claim properly commenced without need for a notice of claim, such as, for instance, a claim under the Human Rights Law brought in New York City and subject only to the General Municipal Law notice provision, could subsequently be dismissed because the claimant sought only individual relief, as discussed in *Mills*. Such an understanding would completely contravene the intent of the Human Rights Law.

**5.** Indeed, in *Glaves-Morgan v City of New York* (2012 WL 1097288, 2012 US Dist LEXIS 46520 [SD NY, Apr. 2, 2012, No. 11 CV 1248 (HB)]), the district court refused to dismiss a whistleblower claim against the City because the City had not shown that Civil Service Law § 75-b claims "are torts under § 50-i or that there is a broader statutory requirement elsewhere that is applicable" (*see Glaves-Morgan*, 2012 WL 1097288, *2, 2012 US Dist LEXIS 46520, *6). The court noted that General Municipal Law § 50-i requires notice be provided only in certain categories of tort and property damage claims, and also the rule in New York that a notice of claim is generally not required when a claim seeks primarily equitable relief (*Glaves-Morgan v City of New York*, 2012 WL 951859, *13, 2012 US Dist LEXIS 38539, *40 [SD NY, Mar. 21, 2012, No. 11 CV 1248 (HB)], *adhered to on reconsideration* 2012 WL 1097288, 2012 US Dist LEXIS 46520 [SD NY 2012], citing *People United for Children, Inc. v City of New York*, 108 F Supp 2d 275 [SD NY 2000]). The district court reasoned that as the plaintiff sought both equitable relief, including reinstatement, and money damages, it was the City's burden to demonstrate that a notice of claim was required. Interestingly, the district court complained that this Court had not provided "any reasoning for why a § 75-b action against the City falls under § 50-e notice requirements" (2012 WL 1097288, *2, 2012 US Dist LEXIS 46520, *7), and had not given a "justification for applying the notice of claim requirement" to a whistleblower claim (*id.*).

Dept 2011] [action was time-barred, but no notice of claim had been filed pursuant to General Municipal Law § 50-e]; *Rigle v County of Onondaga*, 267 AD2d 1088 [4th Dept 1999], *lv denied* 94 NY2d 764 [2000] [notice of claim was required pursuant to County Law § 52]).

Plaintiff argues in essence that if the money damages included in the relief sought in a whistleblower case are the "reason" a notice of claim is required, then he should be allowed to discontinue his claims for money damages and go forward with his claims in equity, and thereby negate any need for a notice of claim. Severing of causes of action in this manner has not been directly addressed by this Court in the context of whistleblower actions. Defendant's brief does not address this argument, and when questioned at oral argument, it relied on its arguments that the complaint must be dismissed based on the holding in *Xu*, and because plaintiff seeks only private remedies.

Although *Xu* has made clear that whistleblower jurisprudence is distinct from Human Rights Law jurisprudence, the dearth of whistleblower cases addressing the severance question requires us to look at how this issue has been treated in other contexts involving equitable claims. Many actions have been brought against municipalities seeking to remedy a continuing wrong, and have included "incidental" money damages; in jurisdictions where the applicable notice of claim statute does not expressly include equitable actions, there is no need to file a notice of claim prior to commencing an action (*see Fontana v Town of Hempstead*, 13 NY2d 1134 [1964], *affg* 18 AD2d 1084 [2d Dept 1963] [compliance with the notice requirements of the General Municipal Law and of Town Law § 67 was not necessary where an action was brought in equity to restrain a continuing act; demand for money damages was incidental]; *Bass Bldg. Corp. v Village of Pomona*, 142 AD2d 657, 659 [2d Dept 1988] [seeking injunctive relief requiring Village to continue building a road; claims for compensatory and punitive damages were "incidental"]; *Watts v Town of Gardiner*, 90 AD2d 615, 615-616 [3d Dept 1982] [claims seeking abatement of the nuisance and a permanent injunction, as well as incidental monetary damages, did not require filing a notice of claim under General Municipal Law §§ 50-e, 50-i];[6] *see also Johnson v City of Peekskill*, 91 AD3d 825, 826 [2d Dept 2012] [as the claim was subject only to the

---

**6.** We note *Clempner v Town of Southold* (154 AD2d 421, 425 [2d Dept 1989]), wherein the Second Department distinguished cases seeking "injunctive relief from continuing acts by municipalities" from those that do not al-

General Municipal Law notice provisions, no notice of claim was needed to seek injunction to compel the city to issue a building permit and claim money damages for its failure to issue the permit]; *but see Matter of Freudenthal v County of Nassau*, 283 AD2d 6, 9 [2d Dept 2001], *affd* 99 NY2d 285 [2003] [in holding that the notice of claim requirement under County Law § 52 is inapplicable when an administrative complaint is timely brought with the State Division of Human Rights alleging discrimination under the Human Rights Law, the Second Department's analysis commenced with the broad statement that "(i)n general, a party may not make a claim in law or equity against a municipality without first notifying the municipality of its intention to make the claim" and cited General Municipal Law §§ 50-i (1); 50-e]).

In actions in equity that also seek substantial money damages as determined by the courts, one solution for the failure to file a notice of claim is severance and dismissal of the money damages claim. For instance, in *American Pen Corp. v City of New York* (266 AD2d 87, 87-88 [1st Dept 1999]), we held that where the plaintiff alleged a continuing trespass and sought abatement of the nuisance and injunctive relief, as well as damages in the millions of dollars, the monetary damages claims had to be dismissed as no formal notice of claim had been filed, but the claims in equity could continue (*see also Robertson v Town of Carmel*, 276 AD2d 543 [2d Dept 2000] [similar]; *Malcuria v Town of Seneca*, 66 AD2d 421, 424 [4th Dept 1979] [similar]; *but see Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d at 172-173 [claim brought under the Human Rights Law seeking equitable relief and money damages for violations of the plaintiff's rights was subject to County Law § 52 notice requirement; *Mills* controlled and there was "no need to carve out an exception to the notice of claim rule" by dismissing the damages claim and leaving the equitable claims]).

In a separate line of cases subject to the broad notice provision of Education Law § 3813 (1), this Department has held that a claimant seeking only equitable relief need not file a notice of claim (*see Kahn v New York City Dept. of Educ.*, 79 AD3d 521, 522 [1st Dept 2010] [challenging termination and asserting

___

lege or establish a continuous nuisance, trespass, or diminution of the private properties of adjacent landowners. Claimants in the latter category must file a notice of claim, according to *Clempner*. Claimants in the former category are "excused" from filing a notice of claim (*id.*). This Court does not necessarily take such a restrictive perspective.

due process claims pursuant to 42 USC § 1983 did not require filing a notice of claim under Education Law § 3813; petition was dismissed as it was time-barred], *affd* 18 NY3d 457 [2012];[7] *see also Civil Serv. Empls. Assn., Inc. v Board of Educ. of City of Yonkers*, 87 AD3d 557 [2d Dept 2011] [claimant seeking equitable relief of specific performance of a collective bargaining agreement, and not money damages, was not required to serve a notice of claim under Education Law § 3813 (1)]). We note that the Second Department has taken a more narrow approach in recent years (*compare Ruocco v Doyle*, 38 AD2d 132, 133, 135 [2d Dept 1972] [notice of claim not needed when seeking declaratory judgment that the purported resignation of the plaintiff, a school principal with tenure, was null and void, as well as "merely incidental" money damages], *with Matter of McGovern*, 114 AD3d at 795-796 [stating rule that "notice of claim requirement does not apply when a litigant seeks only equitable relief," but as the petitioner in that proceeding sought reinstatement and back pay after being terminated, a notice of claim was required under Education Law § 3813], *and Matter of Sheil v Melucci*, 94 AD3d 766, 767-768 [2d Dept 2012] [stating rule that the notice requirements under Education Law § 3813 "do not apply when a litigant seeks only equitable relief," but holding in this article 78 proceeding that as the petitioner sought both equitable relief and recovery of damages following her dismissal, she was required to file a notice of claim]; *see also Matter of Stevens v Board of Educ. of McGraw Cent. School Dist.*, 261 AD2d 698, 699 [3d Dept 1999] ["mere fact that (petitioner) seeks only reinstatement to his former position, as opposed to reinstatement coupled with back pay and benefits, does not exempt him from the requirements of Education Law § 3813, as a review of the petition makes clear that petitioner nonetheless primarily is seeking to enforce a private right"]).

The discussions if not the holdings in cases brought in New York seem to establish a rule that when a case is brought against a municipality or governmental agency and sounds in equity, no

---

**7.** In affirming *Kahn*, the Court of Appeals expressly stated that "[i]n light of our disposition of this appeal, we need not reach and express no opinion as to whether a plaintiff or petitioner who seeks only equitable relief from DOE must comply with the notice-of-claim provisions in Education Law § 3813 (1) as a precondition to suit" (18 NY3d at 473 n 10; *compare Todd v Board of Educ. of City of Syracuse*, 272 App Div 618, 619-620 [4th Dept 1947], *affd without opinion* 297 NY 873 [1948] [dismissing action seeking declaratory and legal relief that was commenced without filing a "written verified claim" as required by then Education Law § 858-a]).

notice of claim is required unless the notice requirement specifically includes equitable claims. Claims in equity also seeking substantial damages, on the other hand, will be dismissed or may be severed and the monetary claims dismissed if no notice of claim has been filed. Claims brought under the Whistleblower Law are something of an exception: although the usual common relief, i.e., reinstatement, is equitable in nature, a notice of claim seems to be required even under narrow notice provisions such as General Municipal Law § 50-i.

In *Donas v City of New York* (62 AD3d 504, 505 [1st Dept 2009]), the whistleblower plaintiff sought only back salary and damages for harm to personal reputation. *Donas* was dismissed because the retaliatory acts allegedly took place more than a year before the plaintiff commenced his action, and the statute of limitations provided under Civil Service Law § 75-b had run; his notice of claim was also untimely, and because it did not allege any retaliatory actions that occurred within the previous 90 days of its filing, there was no new cause of action.[8] As discussed above, we have held in *Xu* that the law is that a whistleblower claim seeking full relief including reinstatement and back pay is required to file a notice of claim, unless the relief sought is for the public good rather than the individual (*see Xu*, 77 AD3d at 48). We note that there was no discussion in *Xu* concerning severance and dismissal of the monetary damages.

Here, if severance of plaintiff's action is permitted, we have a whistleblower claim seeking *solely* equity, brought in a jurisdiction where the only notice requirement is that of the General Municipal Law. In our view, this is not very different from permitting an equitable claim, for instance one subject to the broader Education Law notice statute such as *Kahn v New York City Dept. of Educ.* (79 AD3d 521 [1st Dept 2010], *supra*) to be litigated without the filing of a notice of claim. There is no reason the same should not be true for a whistleblower claim seeking only equity. Where a whistleblower claim seeks both equity and monetary damages, but no notice of claim was filed, there is no reason not to treat the claim as we have sometimes treated claims brought against a municipality seeking significant amounts of money damages in addition to resolving the complained-of conditions, that is to say, the equitable portion of

8. In *Donas*, we did not specifically question the need for a notice of claim under General Municipal Law § 50-i, in particular when only monetary damages were sought, but we noted that one had been filed (*see* 62 AD3d at 505).

the claim can be severed from the claims for monetary damages, and the latter dismissed (*see American Pen Corp. v City of New York*, 266 AD2d at 87; *Robertson v Town of Carmel*, 276 AD2d at 543).

Thus, we conclude that in a whistleblower case, a plaintiff whose claim falls under the jurisdiction of General Municipal Law § 50-e or other narrow statutory notice requirements should be permitted, if requested, to pursue his or her equitable claim for reinstatement, and any other equitable claim, notwithstanding the absence of the notice of claim required. This would ameliorate the perceived harshness of dismissing whistleblower cases because notices of claim were not filed, even though these cases are not claims of personal injury or damage to real or personal property, as set forth in General Municipal Law § 50-i. It would also, and perhaps more importantly, support the underlying purpose of the Whistleblower Law, which is to reduce risks to the public health and safety by permitting employees to report uncorrected violations or wrongful governmental action by an employer, when the employer has some conflict that prevents that employer from protecting the public (Civil Service Law § 75-b [2] [a]). In this regard, the Whistleblower Law, while certainly protecting the individual employee who reveals the wrongdoing, also serves an important public function (*cf. Mills v County of Monroe*, 59 NY2d at 311).

Accordingly, the order of the Supreme Court, New York County (Geoffrey D. Wright, J.), entered October 9, 2012, which granted defendant's motion to dismiss the complaint, should be modified, on the law, to deny the motion to the extent the complaint seeks the equitable relief of reinstatement, and otherwise affirmed, without costs.

ACOSTA, J.P., RENWICK, MOSKOWITZ and FREEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered October 9, 2012, modified, on the law, to deny the motion to the extent the complaint seeks the equitable relief of reinstatement, and otherwise affirmed, without costs.