(July 21, 2016)

■ ROBERT J. CASTRO, Appellant, v CITY OF NEW YORK, Respondent. [36 NYS3d 456]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered September 4, 2014, which granted defendant's motion to dismiss the amended complaint, unanimously reversed, on the law, without costs, and the motion denied.

In his notice of claim dated November 17, 2012, plaintiff alleged that, on August 22, 2012, he was improperly terminated as a Manager and Certified Fire Safety Director by the New York City Department of Homeless Services because, inter alia, he refused to make false certifications. By letter dated November 26, 2012, the City acknowledged receipt of the claim.

In June 2013, plaintiff commenced this action. In his complaint, plaintiff asserted an improper termination claim under Labor Law § 740 (the private sector whistleblower law) and sought reinstatement and monetary damages.

The City moved to dismiss the complaint on the ground that Labor Law § 740 is inapplicable to public employees. The City also argued that, even if plaintiff had asserted a claim under Civil Service Law § 75-b (the public sector whistleblower law), it would fail because his allegations did not satisfy the statutory prerequisites. In response, plaintiff amended his complaint, repeating his original factual allegations to assert an improper termination claim under Civil Service Law § 75-b, for which he sought only monetary damages.

Supreme Court granted the City's motion to dismiss the amended complaint on the grounds that: (i) the notice of claim did not give the City adequate notice of plaintiff's Civil Service Law § 75-b claim because the statute was not cited and "improper termination" could be premised on a myriad of state and federal statutes or common law, each of which would

require different inquiries during the investigation; and (ii) plaintiff waived his right to pursue the Civil Service Law § 75-b claim because he elected to initially commence the action pursuant to Labor Law § 740 but withdrew that claim.

The motion court erred in finding that, by commencing this action pursuant to Labor Law § 740, plaintiff waived his right to assert a retaliatory termination claim under Civil Service Law § 75-b (*see Hanley v New York State Exec. Dept., Div. for Youth*, 182 AD2d 317 [3d Dept 1992]). Accordingly, we must consider whether a notice of claim is required for a Civil Service Law § 75-b claim that seeks monetary relief and, if so, whether plaintiff's claim is barred because he did not cite section 75-b in his notice of claim.

General Municipal Law § 50-e (1) (a) requires service of a notice of claim within 90 days after the claim arises "[i]n any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation." General Municipal Law § 50-i (1) precludes commencement of an action against a city "for personal injury, wrongful death or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of such city," unless a notice of claim has been served in compliance with section 50-e.

In *Yan Ping Xu v New York City Dept. of Health* (77 AD3d 40 [1st Dept 2010]), this Court, following *Mills v County of Monroe* (59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983]), held that a notice of claim was required for a Civil Service Law § 75-b claim. In *Mills*, the Court of Appeals held that an employment discrimination claim brought against a county under the Human Rights Law is subject to County Law § 52 (1)'s notice-of-claim requirement.

In *Rose v New York City Health & Hosps. Corp.* (122 AD3d 76, 81 [1st Dept 2014]), we recognized that *Mills* was governed by County Law § 52 (1), which applies to a much broader scope of cases than does General Municipal Law §§ 50-e and 50-i.[1] Nonetheless, we held that "we [were] constrained by *Xu* to hold

---

1.  County Law § 52 (1) applies to: "Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law . . . ."

that a party bringing a whistleblower claim, and seeking the full range of remedies, must file a notice of claim pursuant to General Municipal Law §§ 50-e and 50-i, even though the whistleblower statute is not a tort statute and technically does not fall within the categories described in General Municipal Law § 50-i." (*Rose*, 122 AD3d at 81.)

Thereafter, in *Margerum v City of Buffalo* (24 NY3d 721 [2015]), the Court of Appeals held that the notice of claim requirements of General Municipal Law §§ 50-e and 50-i did not apply to the firefighters' disparate treatment racial discrimination claim under the New York State Human Rights Law. In reaching this determination, the Court stated succinctly that "[h]uman rights claims are not tort actions under section 50-e and are not personal injury, wrongful death, or damage to personal property claims under section 50-i. Nor do we perceive any reason to encumber the filing of discrimination claims" (*Margerum*, 24 NY3d at 730).

In light of *Margerum*, we now find that a notice of claim is not required for a Civil Service Law § 75-b claim. As with the Human Rights Law claims that were the subject of *Margerum*, Civil Service Law § 75-b claims are not tort actions under section 50-e and are not personal injury, wrongful death, or damage to personal property claims under section 50-i, and there is no reason to encumber the filing of a retaliatory termination claim.

While it is true that in *Xu* we rejected the pro se plaintiff's argument that a retaliatory firing suit is parallel to an employment discrimination claim under Executive Law § 296, in so ruling we cited *Rigle v County of Onondaga* (267 AD2d 1088, 1088-1089 [4th Dept [1999], *lv denied* 94 NY2d 764 [2000]) and *Roens v New York City Tr. Auth.* (202 AD2d 274 [1st Dept 1994]), both of which followed *Mills*, which involved the broader County Law notice of claim statute. Furthermore, Civil Service Law § 75-b shares significant similarities with the Human Rights Law.

The legislature passed the Human Rights Law to "eliminate and prevent discrimination in employment" (Executive Law § 290 [3]; *see also Matter of North Syracuse Cent. School Dist. v New York State Div. of Human Rights*, 19 NY3d 481, 494 [2012]). Section 75-b (and Labor Law § 740) are similarly concerned with the "protection [of] public and private employees" (Dept of Soc Servs Mem, July 27, 1984 at 1, Bill Jacket, L 1984, ch 660 at 11). Notably, in *Tipaldo v Lynn* (76 AD3d 477 [1st Dept 2010], *affd* 26 NY3d 204 [2015]), this Court observed that retaliatory termination claims are analogous to the Hu-

man Rights Law for purposes of compensation because section 75-b, Labor Law § 740 and the Human Rights Law all have "the goal of remediating adverse employment actions which, if allowed, would undermine an important public policy" (*Tipaldo*, 76 AD3d at 482).

Even if one was required, the notice of claim filed by plaintiff was sufficient to allow the City to investigate his Civil Service Law § 75-b claim, even though it did not cite the section.

A notice of claim must set forth "the nature of the claim," "the time when, the place where and the manner in which the claim arose," and "the items of damage or injuries claimed to have been sustained" (General Municipal Law § 50-e [2]). General Municipal Law § 50-e does not require "those things to be stated with literal nicety or exactness" (*Brown v City of New York*, 95 NY2d 389, 393 [2000] [internal quotation marks omitted]; *see also DeLeonibus v Scognamillo*, 183 AD2d 697, 698 [2d Dept 1992] ["courts have not interpreted the statute to require that a claimant state a precise cause of action . . . . The Legislature did not intend that the claimant have the additional burden of pleading causes of action and legal theories . . . in the notice of claim, which must be filed within 90 days of the occurrence"]). Rather, the test of the notice's sufficiency is whether it includes information sufficient to provide a municipal authority with an opportunity to investigate the claim (*see Brown*, 95 NY2d at 393; *Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]). "In passing on the sufficiency of a notice of claim in the context of a motion to dismiss, courts are not confined to the notice of claim itself" (*D'Alessandro v New York City Tr. Auth.*, 83 NY2d 891, 893 [1994]; *Luke v Metropolitan Transp. Auth.*, 82 AD3d 1055, 1056 [2d Dept 2011] ["In making a determination on the sufficiency of a notice of claim, a court must look to the circumstances of the case, and is not limited to the four corners of the notice of claim"]).

Civil Service Law § 75-b forbids retaliatory or personnel action concerning, inter alia, compensation, promotion, transfer, or evaluation of performance, by public employers against their employees who disclose to a governmental body information regarding violations of regulations that would present a specific danger to public health or safety (Civil Service Law § 75-b [1] [d]; [2] [a]). Here, while the plaintiff did not specifically reference the "whistleblower" claim, the notice of claim included enough information for the City to investigate the section 75-b claim.

In his notice of claim, plaintiff asserted that the nature of his claim was: "IMPROPER TERMINATION, FRAUD, FALSE

CERTIFICATION, CONSPIRACY, FRAUDULENT INDUCE-
MENT, COERCION TO SUBMIT FALSE CLAIMS AND/OR
DEFRAUD THE CITY OF NEW YORK and/or THE STATE OF
NEW YORK, DISCRIMINATORY PRACTICES, CORRUPT
PRACTICES, VIOLATION OF PROCEDURAL DUE PRO-
CESS, [AND] VIOLATION OF CITY OF NEW YORK RULES,
REGULATIONS AND EMPLOYMENT PRACTICES." He also
asserted that he was terminated from his position as a
"manager (MI) at the Department of Homeless and a certified
fire safety director," and that the "basis of the termination was
improper and/or illegal," namely that he "had, inter alia,
refused to make false certifications, participate on [sic] ongoing
fraud, and engage in an already existing conspiracy and in cor-
rupt practices." The City was certainly aware that plaintiff's
job duties at the Department of Homeless Services (DHS)
required him to inspect homeless shelters and to certify that
they were safe. Therefore, a further investigation (including a
General Municipal Law § 50-h hearing) would have uncovered
that plaintiff refused to certify false statements about the
safety of homeless shelters he inspected, that he complained to
his supervisors about it, and that he was terminated after do-
ing so (*see Brazill v Elmont Union Free School Dist.*, 2010 NY
Slip Op 32383[U], *5-7 [Sup Ct, Nassau County, Aug. 25,
2010]). Additionally, the City fails to establish what prejudice,
if any, it suffered as a result of the purported defect in the
notice of claim, which clearly alerted it to plaintiff's claim that
his termination was improper.

The City argues that the amended complaint must neverthe-
less be dismissed because plaintiff failed to state a cause of ac-
tion under Civil Service Law § 75-b.[2] The City asserts that
although plaintiff allegedly advised his immediate supervisor
and an Assistant Commissioner of the alleged violations, these
individuals were not the "appointing authority" at DHS, and
plaintiff never alleged that he reported the alleged government
misconduct to a governmental body outside of DHS. These
arguments are unavailing.

Civil Service Law § 75-b (2) (a) provides: "A public employer
shall not dismiss . . . a public employee . . . because the
employee discloses to a governmental body [certain violations]."
Pursuant to section 75-b (1) (c) (i), the definition of "[g]overn-

2. The requirement that an employee first make a good faith effort to
inform the "appointing authority" is set forth in Civil Service Law § 75-b (2)
(b), which was repealed on December 28, 2015, after the order appealed was
rendered; however, plaintiff concedes that section 75-b (2) (b) is applicable
because it was in effect at the time he commenced the action.

mental body" includes "an officer, employee, agency, department, division, bureau, board, commission, council, authority or other body of a public employer." The use of the term "a governmental body," which includes "a public employer," rather than "another" government body or "another" public employer, suggests that an employee is protected if he reports internally and/or externally.

Civil Service Law § 75-b (2) (b) (the now repealed provision) stated: "For . . . purposes of this subdivision, an employee who acts pursuant to this paragraph [requiring a good faith effort to first inform an 'appointing authority'] shall be deemed to have disclosed information to a governmental body under paragraph (a) of this subdivision." That text also suggests that an employee need not also report to an external agency. Similarly, the legislative history states that "[t]he employee receives the same protection when giving this notice [to the appointing authority] as if he or she had disclosed information to a governmental body" (*see* Mem of State Executive Dept, 1984 McKinney's Session Laws of NY at 3389).

The Court of Appeals has also instructed that "courts should use their discretion in determining whether the overall actions of the plaintiff constitute a good faith effort to report the misconduct" (*Tipaldo v Lynn*, 26 NY3d at 212). Here, the overall efforts of plaintiff constitute a good faith effort to report the alleged misconduct. Plaintiff complained not only to his supervisor but also to the Assistant Commissioner about DHS' attempts to cover up unsafe conditions at homeless shelters (*see Medina v Department of Educ. of the City of N.Y.*, 35 Misc 3d 1201[A], 2012 NY Slip Op 50529[U], *3 [Sup Ct, NY County 2012] ["(I)nternal complaints to the plaintiff's supervisor will be held sufficient to satisfy Civil Service Law § 75-b absent a showing by the agency defendant as to why the complaint to the supervisor was insufficient, or that the petitioner could have or should have notified someone else in order to obtain corrective action"]). Concur—Mazzarelli, J.P., Friedman, Andrias, Moskowitz and Kahn, JJ.