State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: December 1, 2016        523003
_____

DAVID A. SAGER,
                Appellant,

     v                      MEMORANDUM AND ORDER

COUNTY OF SULLIVAN,
                Respondent.
_____

Calendar Date: October 11, 2016

Before: Peters, P.J., Lynch, Devine, Clark and Aarons, JJ.

_____

      Sussman & Watkins, Goshen (Michael H. Sussman of counsel),
for appellant.

      Drake Loeb, PLLC, New Windsor (Stephen J. Gaba of counsel),
for respondent.

_____

Peters, P.J.

      Appeal from an order of the Supreme Court (Schick, J.),
entered June 23, 2015 in Sullivan County, which, among other
things, granted defendant's motion for summary judgment
dismissing the complaint.

      In June 2013, plaintiff commenced this action against
defendant, his former employer, asserting a claim for improper
termination from his position as Deputy Commissioner of the
Sullivan County Department of Social Services in violation of
Civil Service Law § 75-b, the Public Sector Whistleblower Law.
Plaintiff alleged that his employment had been terminated in
retaliation for reporting illegal and negligent conduct by
Department staff. Defendant thereafter moved to dismiss the
complaint based upon, among other grounds, plaintiff's failure to

file a notice of claim.[1]  In response, plaintiff cross-moved to deem his verified complaint a notice of claim.  Supreme Court denied plaintiff's motion, granted defendant's motion and dismissed the complaint based upon plaintiff's failure to file a notice of claim.  Plaintiff appeals.

Defendant was entitled to dismissal of the complaint based upon plaintiff's noncompliance with the notice of claim condition precedent of General Municipal Law § 50-e, as applicable to counties pursuant to County Law § 52 (see Mills v County of Monroe, 59 NY2d 307, 309 [1983], cert denied 464 US 1018 [1983]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816-817 [2006]; Matter of Rigle v County of Onondaga, 267 AD2d 1088, 1088-1089 [1999], lv denied 94 NY2d 764 [2000]; see also Thomas v City of Oneonta, 90 AD3d 1135, 1135-1136 [2011]).  As relevant here, County Law § 52 (1) broadly provides that "[a]ny claim . . . against a county for damage [or] injury . . . and any other claim for damages arising at law or in equity, alleged to have been caused . . . by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with [General Municipal Law § 50-e]" (see Mills v County of Monroe, 59 NY2d at 309 n).  Here, plaintiff's complaint sought damages for wrongful termination and, thus, pursuant to County Law § 52 (1), General Municipal Law § 50-e (1) (a) required service of a notice of claim within 90 days after the claim for retaliatory termination arose.  It is undisputed that plaintiff failed to serve a notice of claim, entitling defendant to dismissal of the complaint (see Grasso v Schenectady County Pub. Lib., 30 AD3d at 816-817; Matter of Rigle v County of Onondaga, 267 AD2d at 1088-1089).

---

[1]  Although defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), defendant had filed an answer and, thus, its motion should have been denominated as one for summary judgment under CPLR 3212 dismissing the complaint on grounds asserted in its answer (see Matter of Andrews v State of New York, 138 AD3d 1297, 1298 n 1 [2016], lv denied 27 NY3d 912 [2016]).

Plaintiff's reliance on appellate decisions involving complaints asserting a Civil Service Law § 75-b or similar claims against cities, in which the courts have ruled that the filing of a notice of claim is not required (see Margerum v City of Buffalo, 24 NY3d 721, 730 [2015]; Castro v City of New York, 141 AD3d 456, 458 [2016]), is misplaced. The cases cited by plaintiff involve claims against cities to which the more narrow notice of claim provisions of General Municipal Law §§ 50-e and 50-i apply, limiting the requirement for notices of claim to "tort" claims (General Municipal Law § 50-e [1] [a]) or claims for "personal injury, wrongful death or damage to real or personal property" (General Municipal Law § 50-i [1]). By comparison, County Law § 52 applies to the claim against defendant, the County of Sullivan, and mandates notices of claim in a much broader scope of matters than the General Municipal Law (see Castro v City of New York, 141 AD3d at 457-458), requiring that a notice of claim be filed for "[a]ny claim . . . against a county for damage" or "any other claim for damages arising at law or in equity" (emphases added).[2]

In light of plaintiff's failure to comply with the notice of claim provision of General Municipal Law § 50-e, as imposed by County Law § 52, defendant's motion was properly granted. Plaintiff's contention that the exception to the notice of claim requirement for actions brought to vindicate public — as opposed to private — rights was raised for the first time on appeal and, accordingly, it is not preserved for our review (see CPLR 5501 [a] [3]; Liere v State of New York, 123 AD3d 1323, 1323-1324 [2014]). In any event, this exception is inapplicable as plaintiff's alleged retaliatory conduct related only to himself and sought compensation for harm caused to him alone and did not

---

[2] Although plaintiff asserts that County Law § 52 is limited by its heading — "Presentation of Claims for torts; Commencement of actions" — it is well-accepted that "the words of a statute may be broader than its heading" (McKinney's Cons Laws of NY, Book 1, Statutes § 123 [b], Comment at 249), and that a heading "may not alter or limit the effect of unambiguous language in the body of the statute itself" (McKinney's Cons Laws of NY, Book 1, Statutes § 123 [a]).

seek to vindicate a public interest (see Mills v County of Monroe, 59 NY2d at 311-312).

With regard to plaintiff's cross motion for leave to file a late notice of claim by deeming his complaint a notice of claim, it was properly denied. An application to file a late notice of claim must be made not more than one year and 90 days after the cause of action accrued, unless a toll is established (see General Municipal Law § 50-e [5]; Pierson v City of New York, 56 NY2d 950, 954 [1982]; Mindy O. v Binghamton City School Dist., 83 AD3d 1335, 1336 [2011]; see also Campbell v City of New York, 4 NY3d 200, 203, 209 [2005]). Plaintiff was terminated on May 15, 2013 and, therefore, his April 22, 2015 request, for which no toll was established, was not within the limitations period. Plaintiff's remaining claims are either unpreserved or lacking in merit.

Lynch, Devine, Clark and Aarons, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court