DaCosta v New York City Dept. of Bldgs. (2022 NY Slip Op 01963)





DaCosta v New York City Dept. of Bldgs.


2022 NY Slip Op 01963


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 153892/20 Appeal No. 15552 Case No. 2021-00691 

[*1]Dennis DaCosta, Plaintiff-Appellant,
v
New York City Department of Buildings et al., Defendants-Respondents.


Pollock Cohen LLP, New York (Max E. Rodriguez of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.



Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about January 19, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss plaintiff's claim for retaliation under Civil Service Law § 75-b, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was employed by the Department of Buildings (DOB) for five months before he resigned. He alleges that he was later provisionally offered a job with New York City Health and Hospitals Corporation, but an unnamed DOB employee scuttled his offer by providing a poor reference, allegedly in retaliation for his reporting a conflict of interest to the City's Department of Investigation. Plaintiff brought this suit alleging a panoply of claims, including one for unlawful retaliation under Civil Service Law § 75-b, the subject of this appeal.
Preliminarily, we reject the motion's court determination that Civil Service Law § 75-b does not apply to actions taken by a public employer after an employee has resigned. Civil Service Law § 75-b prohibits a public employer from dismissing or taking any "other disciplinary or other adverse personnel action against a public employee regarding the employee's employment" because the employee discloses information of either (1) a violation of rule or law, which presents a substantial and specific danger to public health and safety, or (2) improper governmental action (see Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 91 [2010]). Section 75-b serves a purpose similar to that of other anti-retaliation statutes, including the New York State Human Rights Law (Executive Law § 296) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107), in that they "'remediat[e] adverse employment actions which, if allowed, would undermine important public policy'" (Castro v City of New York, 141 AD3d 456, 458-459 [1st Dept 2016], quoting Tipaldo v Lynn, 76 AD3d 477, 482 [1st Dept 2010], affd 26 NY3d 204 [2015]). Thus, an analogous reading of the term "employee" under Civil Service Law § 75-b to include former employees alleging post-employment retaliation for reports made in the course of their prior employment, is appropriate (see Schmitt v Artforum Intl. Mag., Inc., 178 AD3d 578, 583-584 [1st Dept 2019]). Moreover, blacklisting and providing negative references to an individual's prospective employers in retaliation for prior reports of government misconduct may constitute adverse personnel action under the statute, in the same way that the State Human Rights Law has been found to cover such acts (see Beckett v Prudential Ins. Co. of Am., 893 F Supp 234, 240-241 [SD NY 1995]; see also Matter of Copiague Union Free Sch. Dist. v Foster, 185 AD3d 1023, 1027 [2d Dept 2020]).
Plaintiff has sufficiently established a cause of action for unlawful retaliation under Civil Service Law § 75-b. Plaintiff claims that following his termination of [*2]employment with DOB, he sought new opportunities with the City. On May 6, 2019, New York City Health and Hospitals (H&H) made a preliminary offer to plaintiff to serve in the position of Assistant Vice President in the Labor Relations Department. Plaintiff alleges that DOB "was contacted as part of a background review" by H&H after his preliminary job offer and that DOB defamed plaintiff concerning his professional character. Because of this defamation, H&H rescinded its preliminary offer to plaintiff. Plaintiff alleges that the communication from DOB was a negative evaluation of his job performance in retaliation for his legitimate work during his tenure at DOB, including disclosure of information to a governmental body regarding violations (or what plaintiff reasonably believed to be violations) of laws, rules, or regulations that endanger public health or safety, i.e., his report to the Department of Investigation.
Affording the pleadings a liberal construction and construing the language of the allegations and the supporting papers in the light most favorable to the plaintiff, the allegations are sufficient for pleading purposes to reasonably infer that DOB provided H&H a negative reference about plaintiff's work in retaliation for his good faith effort to report alleged misconduct to the City's Department of Investigation. Defendant's motion to dismiss plaintiff's unlawful retaliation claim under Civil Service Law § 75-b is
at best premature since discovery is clearly required under the circumstances (see CPLR 3211[d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022